UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOSEPH TAURIAC, | NO. CIV. 2:10-417 WBS EFB |
| Plaintiff, | |
| v. | ORDER RE: MOTION FOR INVOLUNTARY DISMISSAL OR TO VACATE DATES |
| SAM ROSAS, GENERAL TEAMSTERS LOCAL # 439, A TRADE UNION, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 439, A TRADE UNION AND DOES 1-20, | |
| Defendants. | |

----oo0oo----

Plaintiff has brought claims for unfair business practices and defamation against Sam Rosas, General Teamsters Local # 439, and International Brotherhood of Teamsters Local No. 439. Pursuant to the court's Status (Pretrial Scheduling) Order of August 5, 2010 (Docket No. 8), all discovery was to be completed by March 1, 2011, and all pretrial motions were to be filed by April 12, 2011; the matter is currently set for a final pretrial conference on June 27, 2011, and trial on August 30,

1

1 | 2011.

2 | On July 22, 2010, defendants served plaintiff with a
3 | Notice of Deposition scheduled for August 30, 2010.  (Yen Decl.
4 | in Supp. of Defs.' Mot. ¶ 4 (Docket No. 17).)  Plaintiff
5 | requested multiple continuances of the deposition, and then on
6 | November 17, 2010, plaintiff's counsel at the time, Brian Davis,
7 | represented to defendants that plaintiff would soon be dismissing
8 | the entire action.  (Id. ¶¶ 7-9.)  On November 22, 2010,
9 | defendants' counsel received a "Notice of Substitution of
10 | Counsel" attempting to substitute plaintiff Joseph Tauriac in pro
11 | se.  (Id. ¶ 10.)  Plaintiff informed defendants that he was
12 | contemplating dismissal, but that he first wished to consult with
13 | an attorney other than Davis, and did not wish to appear for
14 | deposition unrepresented in the meantime.  (Id. ¶ 11.)  After
15 | several more months of inaction on plaintiff's part, defendants
16 | moved for involuntary dismissal, or, alternately, to vacate the
17 | current deadlines, arguing that plaintiff's failure to sit for a
18 | deposition constitutes failure to prosecute.  (Docket No. 15.)

19 | The court held a hearing on that motion and plaintiff's
20 | counsel's motion to withdraw as counsel on February 28, 2011, and
21 | continued the hearing to May 2, 2011, to give plaintiff time to
22 | find new counsel.  On April 12, 2011, plaintiff substituted
23 | Curtis V. Rodriguez as his new counsel.  (Docket No. 23.)

24 | Federal Rule of Civil Procedure 41(b) permits a
25 | defendant to move to dismiss a claim for failure to prosecute.
26 | Dismissal, however, is a harsh penalty and is to be imposed only
27 | in extreme circumstances.  Henderson v. Duncan, 779 F.2d 1421,
28 | 1423 (9th Cir. 1986).

> In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants[]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

More than one year has passed since this case was removed to federal court, and over eight months have passed since plaintiff's deposition was originally scheduled. While this is a significant amount of time and the first and second factors thus weigh in favor of dismissal, plaintiff's delay is apparently due in part to his difficulties with counsel, for which some accommodation must be made. Plaintiff's delay may also be due in part to his indifference to the continued prosecution of the case, but he deserves a chance to prove otherwise.

The third factor, the risk of prejudice to defendants, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642. Defendants apparently acquiesced to plaintiff's requests for the delay. Defendants could instead have compelled plaintiff's attendance at the deposition by subpoena pursuant to Federal Rules of Civil Procedure 30(a)(1) and 45, but they have not yet attempted to do so, and the court thus finds no prejudice.

As to the fourth factor, the obvious less drastic measure is simply to extend the currently-scheduled deadlines to allow time for plaintiff's deposition, which also decreases any

3

1 | risk of prejudice to defendants.  The final factor, which favors
2 | disposition of cases on the merits, weighs against dismissal.
3 | See Pagtalunan, 291 F.3d at 643 ("Public policy favors
4 | disposition of cases on the merits.  Thus, this factor weighs
5 | against dismissal.").  Accordingly, the court will deny
6 | defendants' motion to involuntarily dismiss the action for
7 | failure to prosecute, and will instead extend the currently-
8 | scheduled deadlines.

9 |     IT IS THEREFORE ORDERED that defendants' motion for
10 | involuntary dismissal of the entire action be, and the same
11 | hereby is, DENIED.

12 |     The court's August 6, 2010, Scheduling Order (Docket
13 | No. 8) is amended as follows: All discovery shall be completed by
14 | August 16, 2011.  All pretrial motions shall be filed by
15 | September 27, 2011.  The Final Pretrial Conference is RESET for
16 | January 9, 2012, at 2:00 p.m. in Courtroom No. 5.  The trial is
17 | RESET for March 13, 2012, at 9:00 a.m. in Courtroom No. 5.
18 | DATED:  April 28, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4