UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOSEPH TAURIAC,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>SAM ROSAS, GENERAL TEAMSTERS LOCAL # 439, A TRADE UNION, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL NO. 439, A TRADE UNION AND DOES 1-20,<br><br>　　　Defendants.<br>_____/ | NO. CIV. 2:10-417 WBS EFB<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTION TO DISQUALIFY ATTORNEY</u> |

----oo0oo----

Joseph Tauriac brought this action for unfair business practices and defamation against General Teamsters Local # 439, International Brotherhood of Teamsters Local No. 439 (collectively "Local No. 439"), and Sam Rosas. Tauriac now moves to disqualify defendants' counsel, David A. Rosenfeld, and his law firm, Weinberg, Roger & Rosenfeld ("the firm"), on the ground that Rosenfeld has a conflict of interest.

///

1

I.   <u>Factual and Procedural Background</u>

Tauriac was a "business agent" of Local No. 439 from 2000 through September 18, 2008.  (First Am. Compl. ("FAC") ¶ 6 (Docket No. 2-1).)  Rosenfeld and the firm have a longstanding relationship with Local No. 439, having represented the union for nearly twenty-five years.  (Rosenfeld Decl. ¶ 2 (Docket No. 35).)

Tauriac states that Rosenfeld has "represented" him on three occasions.  First, Tauriac states that he once pled guilty to a misdemeanor count of stalking, and "with the assistance" of Rosenfeld, he managed to maintain his employment with Local No. 439 because Rosenfeld provided a legal opinion to Local No. 439 that Tauriac's arrest was not a terminable offense.  (Tauriac Decl. ¶¶ 3-4 (Docket No. 26).)  Rosenfeld states that he did not actually represent Tauriac in the criminal proceeding, and that any legal opinion he provided to Local No. 439 was part of his representation of the union.[1]  (Rosenfeld Decl. ¶¶ 7, 10.)  Tauriac does not dispute this explanation or provide any evidence of an attorney-client relationship between himself and Rosenfeld

---

[1]   Defendants request that the court take judicial notice of the case information available from the Stanislaus County Superior Court in <u>People v. Joseph Henry Tauriac</u>, No. 1215009, which states that plaintiff's counsel of record was Frank Carson, (Def.'s Req. for Judicial Notice Ex. A (Docket No. 33)), and the official transcript of the preliminary examination in that case stating that Mark Sullivan appeared on behalf of plaintiff. (<u>Id.</u> Ex. B.)  The court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201, which includes "matters of public record."  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).  Both of these documents are matters of public record whose authenticity is not disputed, and the court will take judicial notice of them.

2

in that matter.

Second, Tauriac states that Rosenfeld represented him at a deposition in the case of <u>Cicairos v. Summit Logistics, Inc.</u>, San Joaquin Superior Court Case No. CV 014827. (Tauriac Decl. ¶ 7; Rosenfeld Decl. ¶ 11.) Rosenfeld agrees that the firm represented Tauriac at a deposition on June 5, 2009, as part of a wage-and-hour class action related to plaintiff's prior employment with Summit Logistics. (Rosenfeld Decl. ¶¶ 11-12.) Plaintiff is not a named party in that action, but is one of 500 to 1000 truck drivers who are members of the class and one of eighty drivers whose depositions were taken. (<u>Id.</u> ¶¶ 11, 13.) The retainer agreement regarding the representation was expressly limited to "representation at the deposition." (<u>Id.</u> ¶ 13, Ex. B.)

Third, Tauriac states that Rosenfeld represents the class, which includes Tauriac, in <u>Cicairos</u>. (Tauriac Decl. ¶ 7.)

Tauriac filed a complaint with the State Bar of California regarding Rosenfeld's representation of defendants in this action, which was dismissed on April 18, 2011. (Rosenfeld Decl. Ex. A.)

II. <u>Discussion</u>

The power to disqualify an attorney against the wishes of his client is within the discretion of the trial court as an exercise of its inherent powers. See <u>United States v. Wunsch</u>, 84 F.3d 1110, 1114 (9th Cir. 1996); <u>Visa U.S.A., Inc. v. First Data Corp.</u>, 241 F. Supp. 2d 1100, 1103 (N.D. Cal. 2003). Motions to disqualify counsel are decided under state law. <u>In re Cnty. of Los Angeles</u>, 223 F.3d 990, 995 (9th Cir. 2000); <u>City & Cnty. of</u>

3

1  San Francisco v. Cobra Solutions, Inc., 38 Cal. 4th 839, 852
2  (2006) ("California has not adopted the ABA Model Rules, although
3  they may serve as guidelines absent on-point California authority
4  or a conflicting state public policy.") (citations omitted);
5  Sharp v. Next Entm't, Inc., 163 Cal. App. 4th 410, 433 (2d Dist.
6  2008) (applying ABA Model Rules of Professional Conduct when
7  California Rules of Professional Conduct and case law had not
8  directly addressed the issue presented).
9         Because a motion to disqualify is most often tactically
10 motivated and can be disruptive to the litigation process,
11 disqualification is considered to be a drastic measure that is
12 generally disfavored and imposed only when absolutely necessary.
13 Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 814 (N.D. Cal.
14 2004); see also Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,
15 760 F.2d 1045, 1050 (9th Cir. 1985) (requests for
16 disqualification "should be subjected to 'particularly strict
17 judicial scrutiny'") (quoting Rice v. Baron, 456 F. Supp. 1361,
18 1370 (S.D.N.Y. 1978)).
19        California Rule of Professional Conduct 3-310(E), upon
20 which Tauriac relies in arguing for disqualification, provides
21 that: "A member shall not, without the informed written consent
22 of the client or former client, accept employment adverse to the
23 client or former client where, by reason of the representation of
24 the client or former client, the member has obtained confidential
25 information material to the employment."  Cal. Rule of Prof'l
26 Conduct 3-310(E).
27        1. Criminal Charges
28        The attorney for a corporation or other entity

4

represents the entity as an organization, not the entity's employees or agents as individuals. See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 119 F.3d 210, 215 (2d Cir. 1997); Aragon v. Pappy, Kaplon, Vogel & Phillips, 214 Cal. App. 3d 451, 463-64 (2d Dist. 1989). This generally means that the entity, and not any individual employee, has the right to confidentiality in communication with its attorneys. Int'l Brotherhood, 119 F.3d at 215.

Thus, representation of an entity generally does not create a conflict when a suit arises between a former employee and the entity. Meehan v. Hopps, 144 Cal. App. 2d 284, 292-93 (1st Dist. 1956). Tauriac presents no facts to suggest that Rosenfeld's actions related to Tauriac's criminal charges require deviation from this general rule. Accordingly, no conflict of interest requiring disqualification arose from that incident.

2. Deposition

In "successive representation" cases, in which a party seeks to disqualify its former counsel from representing an adverse party in a current proceeding pursuant to California Rule of Professional Conduct 3-310(E), the party must show a "substantial relationship" between the two representations. Montgomery v. Super. Ct., 186 Cal. App. 4th 1051, 1056 (4th Dist. 2010). A "substantial relationship" exists when "information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues." Jessen v. Hartford Cas. Ins. Co.,

5

1  111 Cal. App. 4th 698, 713 (5th Dist. 2003).

>   The "substantial relationship" test mediates between two interests that are in tension in such a context--the freedom of the subsequent client to counsel of choice, on the one hand, and the interest of the former client in ensuring the permanent confidentiality of matters disclosed to the attorney in the course of the prior representation, on the other.

Flatt v. Super. Ct., 9 Cal. 4th 275, 283 (1994).

Tauriac has failed to demonstrate any relationship, much less a substantial relationship, between his deposition in Cicairos and the current litigation. Accordingly, Rosenfeld's former limited representation of Tauriac for a deposition does not create a conflict necessitating disqualification.

### 3. Class Action Representation

Because the California Rules of Professional Conduct do not appear to address the issue of representation of a class, the court looks to the ABA Model Rules of Professional Conduct, which state that:

>   When a lawyer represents or seeks to represent a class of plaintiffs or defendants in a class-action lawsuit, unnamed members of the class are ordinarily not considered to be clients of the lawyer for purposes of applying paragraph (a)(1) of this Rule [restricting representation when there are concurrent conflicts of interest]. Thus, the lawyer does not typically need to get the consent of such a person before representing a client suing the person in an unrelated matter.

Model Rules of Prof'l Conduct R. 1.7 cmt. 25; see Sharp, 163 Cal. App. 4th at 433-34 (citing comment 25).

Tauriac has not provided any reason why his class membership in Cicairos should not be treated as an ordinary case where no conflict of interest is imputed. Accordingly, Rosenfeld's representation of the class does not preclude him from representing defendants in the instant action. Because

6

Tauriac has provided no reason why Rosenfeld and the firm should be disqualified from representing defendants, the court will deny Tauriac's motion to disqualify.

IT IS THEREFORE ORDERED that plaintiff's motion to disqualify attorney be, and the same hereby is, DENIED.

DATED:  July 6, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE